IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GERMAN LANGUAGE CENTER, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-09-3950 |
| § | |
| UNITED STATES OF AMERICA, *et al.*, § | |
| § | |
| Defendants. § | |

# **MEMORANDUM AND ORDER**

The plaintiffs have filed a complaint to challenge an adverse administrative decision by the United States Citizenship and Immigration Service ("USCIS") in connection with a non-immigrant visa petition. The defendants have filed a motion to dismiss the complaint for failure to state a claim [Doc. # 25].[1] This Court converted the motion into one for summary judgment [Doc. # 30], and both parties have filed additional briefing [Docs. # 31-# 35]. After reviewing all of the pleadings, and the applicable law, the Court grants the defendants' motion and dismisses this case for reasons set forth below.

**I.    BACKGROUND**

The facts underlying the complaint in this case have been set forth previously in the Court's order dated June 10, 2010 [Doc. # 24], and will not be repeated at length here. It is

---

[1] The primary defendants in this case are the United States of America and the USCIS, which is responsible for implementing regulations and adjudicating applications for non-immigrant visa petitions. The plaintiffs also sue Secretary Janet Napolitano of the Department of Homeland Security, Director Alejandro Mayorkas of the USCIS, and Daniel Renaud, who is Director of the USCIS Vermont Service Center, in their official capacity.

sufficient to note that the complaint concerns an administrative decision by USCIS to deny a nonimmigrant visa requested by the plaintiff, German Language Center ("GLC"), on behalf of a German national, Jana Marie Unter Ecker ("Unter Ecker").  GLC is a privately owned business that offers a variety of German language courses to adults and children in Houston. One particular program featured at GLC, known as "Kinderspiel," is described as a "German-English dual language immersion and cultural program" designed specifically for pre-school children ages 2.5 through 6 years.

On April 14, 2009, GLC filed a Form I-129 Nonimmigrant Petition for Alien Worker ("Form I-129 petition") to obtain a Q-1 visa for Unter Ecker to work as a "Teacher's Aid of German for the German language portions" of its Kinderspiel pre-school program.  USCIS denied that petition on May 14, 2009, on the grounds that Kinderspiel "was not open to the public," but was in the manner of a "private cultural exchange."

On May 29, 2009, GLC filed a new Form I-129 petition for a Q-1 visa on Unter Ecker's behalf, along with additional documentation about its programs.  USCIS denied that petition on July 21, 2009.  In the notice of denial, USCIS found that GLC did not qualify as an international cultural exchange program or meet the criteria for a Q-1 visa because the general public would not have access to Unter Ecker's teachings and, furthermore, Unter Ecker "would not be engaging in employment of which the essential element is the sharing of the culture of . . . [her] country of nationality."

GLC complains that, in denying the requested Q-1 visa for Unter-Ecker, the defendants wrongfully refused to recognize GLC as an "international cultural exchange

program." GLC alleges that it has been "irreparably harmed" by the defendants' decision to deny a Q-1 visa. GLC insists that, by denying a Q-1 visa, USCIS arbitrarily and capriciously disregarded facts that support its "continued eligibility as an international cultural exchange program." GLC maintains further that USCIS also arbitrarily and capriciously disregarded facts demonstrating that Unter Ecker "would be working in a capacity that specifically explains and conveys her nationality's culture to a segment of the American public," namely, "young children." Arguing that USCIS has abused its discretion, GLC invokes the Administrative Procedures Act and asks this Court to reverse the adverse decision entered by USCIS on July 21, 2009, and to order USCIS to approve a Form I-129 petition for a Q-1 visa on behalf of Unter Ecker.

The defendants filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the complaint fails to state a claim at this time. In support of that motion, the defendants advise that the adverse decision entered on July 21, 2009 was "reopened" for consideration on June 11, 2010.[2] Because the defendants included exhibits outside of the pleadings, the plaintiffs cried foul. Therefore, the Court converted the defendants' motion to one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, and gave the parties an opportunity to provide additional briefing. The parties' contentions are discussed below under the governing legal standard.

---

[2] The defendants explain that they do not address the adverse decision rendered initially on May 14, 2009, because the first Q-1 visa petition filed by the plaintiffs "is considered to have been superseded by the second petition." [Doc. # 31, Exh. at ¶ 12].

3

## II.     STANDARD OF REVIEW

The defendants' motion is governed by Rule 56 of the Federal Rules of Civil Procedure, which mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  In that respect, a reviewing court must determine whether the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c)(2); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  The moving party, however, need not negate the elements of the non-movant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). The non-movant must do more than simply show that there is some "metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted). In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 478 U.S. at 587-88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

### III.   **<u>DISCUSSION</u>**

GLC has filed suit under the Administrative Procedures Act (the "APA"), which provides that "[a] person suffering legal wrong because of agency action, or adversely

affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Where an agency action is not made reviewable by a specific statute, the APA authorizes judicial review for "final agency actions for which there is no other adequate remedy in a court[.]" 5 U.S.C. § 704. When considering actions taken by an administrative agency, a reviewing court may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Medina County Environmental Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 699 (5th Cir. 2010).

In their pending motion, the defendants report that the decision at issue in this case, regarding GLC's nonimmigrant visa petition for Unter Ecker, has been re-opened. In particular, correspondence provided by the defendants shows that USCIS has reopened the matter "in light of recent reevaluation and clarification on analysis of Q [visa] petitions, to reconsider the evidence submitted and request additional evidence to support [the] petition."[3] [Doc. # 25, Exh.]. The defendants maintain that, by reopening the proceedings, the prior agency action in dispute has been nullified. The defendants insist, therefore, that the adverse decision at issue is no longer "final" for purposes of judicial review under 5 U.S.C. § 704. Because there is no final agency action for this Court to consider, the defendants maintain "[r]eview under the APA is not permissible at this point."

---

[3] According to the correspondence provided by the defendants, USCIS has asked for evidence that Unter Ecker will be offered "wages and working conditions comparable to those accorded local domestic workers similarly employed." [Doc. # 25, Exh.]. USCIS has also requested information regarding the duration of the cultural exchange program in which Unter Ecker will participate. [*Id.*].

For an agency action to be "final," and therefore reviewable under the APA, it must satisfy two conditions: (1) the "action must mark the 'consummation' of the agency's decision-making process," meaning that "it must not be of a merely tentative or interlocutory nature"; and (2) "the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal citation and quotations omitted); *see also Exxon Chemicals America v. Chao*, 298 F.3d 464, 466-67 (5th Cir. 2002) (same). In contrast, a non-final agency action is one that "does not itself adversely affect [the] complainant but only affects his rights adversely on the contingency of future administrative action." *Exxon*, 298 F.3d at 467 (quoting *American Airlines, Inc. v. Herman*, 176 F.3d 283, 288 (5th Cir. 1999) (citation omitted)).

It is undisputed by GLC that the administrative decision at issue has been set aside by USCIS, that the proceedings have been reopened, and that GLC has been invited to provide additional evidence in support of its request for a Q-1 visa. As a result, the agency action at issue remains open for consideration and the adverse effect of USCIS's decision is contingent on further administrative review. Thus, the decision to deny GLC's petition for a Q-1 visa, now withdrawn and reopened for consideration, is no longer final under the governing criteria.

GLC complains that USCIS lacks authority to reopen or nullify a final agency action. The Fifth Circuit has recognized, however, that "[e]mbedded in an agency's power to make a decision is its power to reconsider that decision." *ConocoPhillips Co v. United States*

*Environmental Protection Agency*, 612 F.3d 822, 832 (5th Cir. 2010). "The reasonableness of an agency's reconsideration implicates two opposing policies: 'the desirability of finality on one hand and the public's interest in reaching what, ultimately, appears to be the right result on the other.'" *Macktal v. Chao*, 286 F.3d 822, 826 (5th Cir. 2002) (quoting *Civil Aeronautics Board v. Delta Air Lines, Inc.*, 367 U.S. 316, 321 (1961)). Reconsideration is allowed as long as that decision is not arbitrary, capricious, or an abuse of discretion. *See Macktal*, 286 F.3d at 826 (citing 5 U.S.C. § 706(2)(A)).

In support of its decision to reopen or reconsider GLC's Q-visa petition, the defendants have provided an affidavit from a supervisor at the Vermont Service Center (Lynn A. Boudreau). [Doc. # 31, Exh.]. According to this affidavit, the decision to re-open was made "in light of a recent unpublished opinion issued by the Administrative Appeals Office (AAO) of USCIS in an unrelated Q-1 case." [*Id.*]. Under these circumstances, the decision to reopen was not arbitrarily made or unreasonable. Nor can this Court say that it was an abuse of discretion to reopen the matter for additional consideration in light of recent intra-agency authority. Based on this record, it does not appear that the decision to reopen GLC's Q-visa petition for additional consideration was unauthorized.

GLC insists further that dismissal would be improper because the adverse decision at issue was final when the complaint was filed. Even assuming that this is true, lack of present finality means that the issues raised in the complaint are not ripe for review.[4] As the

---

[4] The Supreme Court has stated that the "ripeness doctrine is drawn both from Article III
(continued...)

Supreme Court has counseled, the ripeness doctrine is intended "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967), *overruled on other grounds, Califano v. Sanders*, 430 U.S. 99 (1977); *see also Texas v. United States*, 497 F.3d 491, 498 (5th Cir. 2007) (discussing the question of ripeness); JACOB E. STEIN, ET AL., 5 ADMINISTRATIVE LAW § 48.01 (2010) ("Since it is not the function of the courts to become involved in matters involving administrative technical expertise or intra-agency policies, agency decisions are reviewable only when they have been 'formalized' and affect the parties 'in a concrete way.'").

The complaint in this case concerns whether the plaintiffs are entitled, as a matter of law, to a Q-1 visa under standards promulgated by USCIS. The standard of review ultimately applied under the APA is "highly deferential to the administrative agency whose decision is being reviewed[.]" *Texas Clinical Labs, Inc. v. Sebelius*, 612 F.3d 771, 775 (5th Cir. 2010) (citing *F.C.C. v. Fox Television Stations, Inc.*, — U.S. —, 129 S. Ct. 1800, 1810 (2009)). There is a presumption that an agency decision is valid unless the plaintiffs show

---

[4](...continued)
limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Social Servs., Inc*., 509 U.S. 43, 57 n.18 (1993) (citing *Buckley v. Valeo*, 424 U.S. 1, 114 (1976) (per curiam)). Because the question of ripeness is related to jurisdiction, a court may raise the issue on its own motion. *See Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 (5th Cir. 2008) (citations and quotations omitted).

that the decision was erroneous. *Id.* (citing *Delta Foundation Inc. v. United States*, 303 F.3d 551, 564 (5th Cir. 2002)). Because there is no longer a final decision to review, any decision by this Court would pose a risk of interfering with an agency determination that has not yet reached a concrete, formal resolution. Requiring the plaintiffs to complete administrative review by submitting the additional information requested by USCIS may result in the visa being granted and a favorable resolution; if not, having a final agency action will benefit any future analysis of the claim by virtue of having a record that includes additional consideration by USCIS in light of the above-referenced unpublished opinion issued recently by the AAO in another Q-1 case. [Doc. # 31, Exh.]. Because judicial intervention ould be premature, the Court concludes that the complaint must be dismissed, without prejudice, pending the completion of administrative review.

IV. CONCLUSION AND ORDER

Based on the foregoing, it is ORDERED that the defendants' motion for summary judgment [Doc. # 25] is GRANTED and that this case is DISMISSED without prejudice as premature. The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on September 27, 2010.

_____
Nancy F. Atlas
United States District Judge